UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA FAJARDO-GUEVARA (#05716-095)          CIVIL ACTION

VERSUS

UNITED STATES                                  NO. 14-0737-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 29, 2016.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA FAJARDO-GUEVARA (#05716-095)      CIVIL ACTION

VERSUS

UNITED STATES      NO. 14-0737-BAJ-EWD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendant's Motion to Dismiss (R. Doc. 8). This motion is opposed.

The *pro se* plaintiff, an inmate incarcerated at the Federal Correctional Institute in Aliceville, Alabama, filed this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States of America. The plaintiff asserts that she is entitled to compensatory and punitive damages because of improprieties occurring during her arrest in May 2010. The plaintiff complains that her vehicle was stopped without probable cause, that the vehicle was searched without a warrant, and that the federal district and appellate courts, respectively, erred (1) in denying her motion to suppress evidence seized during the alleged unlawful arrest and search and (2) in thereafter affirming on appeal the denial of that motion.

In the instant motion to dismiss, the defendant seeks dismissal on several grounds, including for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The defendant's assertion is correct in this regard because, as discussed below, this Court does not have jurisdiction to entertain the claim asserted by the plaintiff in this case.

Initially, although the plaintiff has invoked the provisions of the federal civil rights statute, 42 U.S.C. § 1983, this statute, by its terms, only provides a cause of action to anyone deprived of a federally protected right "under color of state law." *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). This statute, therefore, applies only to claims asserted against state officials and does not apply to actions taken by federal agencies or employees. *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir. 1983). Accordingly, because the sole defendant named in this proceeding is the United States of America, the plaintiff's invocation of § 1983 is misplaced. Whereas the initial stop and search of the plaintiff's vehicle may have been undertaken by a state law enforcement officer, *see* R. Doc. 8-1 at p. 1, the plaintiff has not named that officer as a defendant herein or any other state official or agency.[1]

Further, the plaintiff's claim asserted pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, supra*, is also not viable. Under *Bivens*, a plaintiff is allowed to bring an action against a federal employee acting in the employee's individual capacity for the violation of a plaintiff's constitutional rights. A claim asserted under *Bivens,* however, is appropriately asserted against one or more named individual federal officials, and the plaintiff has not named any federal employee as a defendant in this proceeding. *See, e.g., Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Blanton v. United States*, 2014 WL 2619851, *1 (N.D. Tex. June 12, 2014) (dismissing a purported *Bivens* claim asserted against the United States as defendant); *Arredondo v. Moser*, 2004 WL 2511349 *2 (N.D. Tex. Nov. 8, 2004) (noting that the plaintiff's *Bivens* claim was asserted, not against the

---

1. In addition, it appears that any claim asserted by the plaintiff against the state officer(s) conducting the alleged improper search in May 2010, would be barred by the applicable one-year statute of limitations in any event and/or by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), that a plaintiff may not seek monetary damages for wrongdoing that resulted in a conviction unless and until the conviction is overturned. *See, e.g., Davis v. LaCaze*, 2015 WL 5023335 (W.D. La. Aug. 24, 2015); *Rachal v. Roberts*, 2015 WL 8489033 (W.D. La. Nov. 9, 2015).

United States but against named government officials). Accordingly, there is no legal or factual basis for the exercise of jurisdiction under *Bivens* in this case.

Turning to the plaintiff's claim asserted against the United States of America, as such, the Court starts with the premise that, absent a waiver of sovereign immunity, the United States is immune from suit in tort under the Eleventh Amendment. *See, e.g., Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995); *Gregory v. Mitchell*, 634 F.2d 199, 204 n. 1 (5th Cir. 1981). Further, inasmuch as federal courts are courts of limited jurisdiction, they lack the power to adjudicate claims in the absence of jurisdiction conferred by the Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *In re FEMA Trailer Formaldehyde Products Liability Litigation (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). When a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of establishing that such jurisdiction exists. *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009), *vacated on other grounds*, 608 F.3d 266 (5th Cir. 2010).

In the instant case, it does not appear that the Court has federal subject matter jurisdiction. Specifically, as noted above, neither 42 U.S.C. § 1983 nor *Bivens* provides a basis for the exercise of such jurisdiction. Further, although not addressed by the plaintiff, even if the Court were to liberally interpret the plaintiff's claim asserted against the United States as being brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2672, 2674 ("FTCA"), the plaintiff's claim would fare no better. This statute provides a partial waiver of immunity for claims asserted against the United States for damages for injury or loss that result from the negligent acts of federal employees acting with the course and scope of their employment. Notwithstanding, there is nothing in the record that suggests that jurisdiction under the FTCA is appropriate. Pursuant to 28 U.S.C. § 2675, before a suit may be filed against the government under that statute, an administrative

proceeding must be commenced and exhausted against the appropriate federal agency, and a failure to do so leaves "the district court ... without subject matter jurisdiction." *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). Further, courts are directed to "strictly construe the statute [and] any ambiguities will be resolved in favor of the sovereign." *McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004). In the instant case, there is no suggestion in the record that the plaintiff has presented a proper administrative claim to any federal agency. Accordingly, inasmuch as plaintiff bears the burden of establishing the existence of federal subject matter jurisdiction, *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013), it is appropriate that jurisdiction under the FTCA be found lacking.

Based on the foregoing, the Court concludes that it lacks federal subject matter jurisdiction over the plaintiff's claims asserted in this proceeding. Accordingly, the defendant's Motion to Dismiss (R. Doc. 8) should be granted, and this action should be dismissed.[2]

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss (R. Doc. 8) be granted, dismissing the plaintiff's claims asserted herein, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 29, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

2. In light of the Court's disposition of the plaintiff's claims, the Court need not address the defendant's alternative arguments, *inter alia*, that the plaintiff is essentially seeking to re-litigate the validity of her arrest and search in May 2010, which validity was addressed and determined during her criminal proceedings, that the plaintiff's claims regarding her arrest and search in May 2010 are untimely, that her claim regarding alleged error or wrong-doing by the federal district and appellate courts in addressing her motion to suppress is barred by the doctrine of absolute judicial immunity, and that her claims for monetary damages are barred in any event because she has not first mounted a successful attack upon the validity of her conviction as required by *Heck v. Humphrey*, *supra*.